IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* ELLIOTT HARPER, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 09 C 6770 |
| JESSE MONTGOMERY, Chief of Parole, Illinois Department of Corrections, | ) ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Elliott Harper has moved for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent argues that the petition should be dismissed as untimely. For the reasons set forth below, I agree.

I.  **Background**

On May 29, 1997, Harper pled guilty to one count of first-degree murder, for which he was sentenced to twenty-four years of imprisonment, and one count of attempted murder, for which he was sentenced to a consecutive term of six years. The State's evidence showed that Harper, a member of the Gangster Disciples gang, was in a feud with his victim, Lorenzo Aldridge. On March 20, 1995, Harper fired multiple gunshots into Aldridge's car, which contained not only Aldridge, but also three others. Aldridge died from five gunshot wounds, and a second, surviving victim sustained an injury to his face.

At the time of sentencing, Harper had been in custody for 798 days, and the trial court issued orders crediting Harper for "time served," awarding him 798 days for each of his two convictions, for a total of 1596 days. Harper did not appeal his judgment of conviction. In a letter dated January 5, 1998, Harper's attorney advised him: "It appears that the Department of Corrections has chosen not to abide by court orders regarding the time served in consecutive cases." Pet. at 19. On August 28, 1998, Harper filed a motion to correct his mittimus to reflect that he had received double credit for time served. The trial court denied his motion.

Harper appealed, and the assistant public defender appointed to represent Harper moved to withdraw, stating that the record presented no issues of arguable merit. The appellate court granted counsel's motion and affirmed on May 29, 1999, holding that the relief petitioner sought – a modification of his mittimus to allow double credit for time served – was prohibited by a then recent decision of the Illinois Supreme Court, *People v. Latona*, 703 N.E.2d 901 (Ill. 1998). Harper did not file a petition for leave to appeal ("PLA") from this judgment.

On March 8, 1999, Harper filed a *pro se* postconviction petition in the Circuit Court of Cook County, alleging that: (1) his plea agreement was invalid because the trial court erroneously informed him that he would receive double credit for time served; (2) trial counsel was ineffective for advising Harper

that he would receive double credit for time served; and (3) the trial court abused its discretion in sentencing him to an excessive term. Appointed counsel filed two supplements arguing, in pertinent part, that Harper's due process rights were violated because he was denied the benefit of his plea bargain. The circuit court dismissed Harper's post-conviction petition, including all supplements.

Harper appealed this judgment, arguing that he was deprived of the benefit of his plea bargain with the State and asking the court to reduce his sentence by 798 days as a remedy. Harper made clear that he "[did] not challenge the voluntariness of his plea, but only [sought] to have the plea agreement enforced." Resp. Exh. K at 2. The state appellate court affirmed in a published opinion on December 19, 2008, holding that it lacked authority to grant Harper the relief he sought. The court denied Harper's petition for rehearing on January 29, 2009. Harper filed a PLA in the Illinois Supreme Court, contending that the appellate court incorrectly held that it lacked authority to grant the relief he sought. The court denied leave to appeal on May 28, 2009.

On September 22, 2009 (the date Harper placed his petition in the mail), Harper filed the instant petition. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Harper raised the following claims: (1) he was denied due process because he received a sentence greater than that for which

3

he bargained; (2) trial counsel provided ineffective assistance because he failed to advise Harper that could not receive double credit for time served; and (3) Harper's plea bargain is invalid[1] because counsel and the court erroneously advised him that he could receive double credit for time served.

On December 23, 2009, respondent answered. Despite being given an opportunity to do so, Harper did not file any reply to the response. Since filing the petition, Harper has been released from prison[2] on mandatory supervised release.

## II. Analysis

Congress has established a one-year period of limitation governing motions for collateral relief under 28 U.S.C. § 2254. The limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right

---

[1] I read Harper's claims three and four as two parts of the same claim, and have combined them here. *See* Pet. at 6.

[2] Despite the fact that Harper has been released from prison, he remains "in custody" for purposes of habeas jurisdiction because he is subject to mandatory supervised release. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (petitioner who has been released from prison but is still serving a term of parole or mandatory supervised release is "in custody" for purposes of habeas corpus).

4

asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

In light of the fact that Harper did not move to withdraw his plea and did not file a direct appeal, his conviction became final on June 30, 1997, which was 30 days after he pled guilty. *See, e.g., Beshears v. Veach*, No. 07-2134, 2008 WL 427834, at *2 (C.D. Ill. Feb. 13, 2008) (conviction by guilty plea final when time for withdrawing plea expires). Therefore, Harper's habeas petition was due one year later on June 30, 1998. Harper did not file any motions prior to June 30, 1998 which would have tolled the running of the statute of limitations. Thus, if "the date on which the judgment of conviction becomes final" governs, 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations on Harper's federal habeas petition ran out before his state postconviction petition was even filed (on March 8, 1999).

Therefore, in order to avoid a timeliness problem, petitioner must be able to show that one of Section 2244's other starting points applies. Because Harper failed to file a reply, he has presented no arguments to rebut respondent's timeliness argument. In light of his *pro se* status, I will assume that the only other starting point Harper might point to would be "the date on which

5

the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Harper could argue that his clock should start running on January 5, 1998, the date on which his lawyer informed him that the Department of Corrections would award him only 798 days (instead of the 1596 days Harper argues he was awarded by the trial judge).

Even assuming Harper could not have discovered these facts earlier through due diligence (a requirement under 28 U.S.C. § 2244(d)(1)(D)), his petition would still be untimely. With a January 5, 1998 start date, Harper's federal petition would have been due January 5, 1999. Because he filed neither a state postconviction petition[3] (which would have tolled the statute of limitations) nor his federal habeas petition before that date, his petition is untimely.

---

[3] The only motion filed by Harper during the pertinent time frame was his August 28, 1998 motion to correct the mittimus. I have found no cases which would support the notion that this kind of ministerial motion would toll the statute of limitations. 28 U.S.C. § 2244(d)(2) (tolling "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending"). A motion to correct a mittimus to conform to a judgment of conviction is not a challenge to the validity of the judgment itself. *See People v. Wright*, 787 N.E.2d 870, 872-73 (Ill. App. Ct. 2003) ("A trial court's act of correcting a mittimus . . . is a ministerial act and does not change the underlying sentence."); *Lozano v. Frank*, 424 F.3d 554, (7th Cir. 2005) (finding that petitioner's motion to modify his sentence did not toll running of statute of limitations under 28 U.S.C. § 2244(d)(2)).

**III. Conclusion**

For all the foregoing reasons, petitioner Elliott Harper's federal habeas petition is dismissed as untimely.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: February 26, 2010